UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERVIN MIDDLETON,<br><br>                                   Plaintiff,<br><br>        v.<br><br>CARRINGTON MORTGAGE SERVICES,<br>LLC, et al.,<br><br>                                   Defendants. | Case No. 2:15-cv-01977-APG-PAL<br><br>**ORDER**<br>– AND –<br>**REPORT OF FINDINGS AND<br>RECOMMENDATION**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff Ervin Middleton's Application to Proceed *In Forma Pauperis* (ECF No. 1).  This Application is referred to the undersigned pursuant to 28 U.S.C. § 636 (a)–(b) and Local Rules LR IB 1-3 and 1-4 of the Local Rules of Practice.

**I.      IN FORMA PAUPERIS APPLICATION**

Mr. Middleton is proceeding in this action *pro se*, which means that he is not represented by an attorney.  *See* LSR 2-1.  Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee.  Here, Mr. Middleton has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them.  Accordingly, his request to proceed IFP will be granted.  The court will now review the Complaint.

**II.     SCREENING THE COMPLAINT**

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e).  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints").  The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil

1

Procedure[1] applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For the purposes of § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cf.* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A.    Middleton's Factual Allegations and Claims for Relief

This action involves a mortgage note and deed of trust for real property located in Spotsylvania, Virginia (the "Property"). *See* Compl. (ECF No. 1-2) at 3. Mr. Middleton alleges that the original borrower, "Matthew Ice," executed the loan in December 2008, and the Property was transferred to him on May 23, 2014. *Id.* Middleton assumed the borrower's rights and responsibilities after the Property's transfer because Defendant Carrington Mortgage Loan Servicing, LLC ("Carrington") failed to invoke the due on sale clause. *Id.* On March 20, 2015, Middleton sent Carrington a notice of rescission pursuant to 15 U.S.C. § 1635, which is a provision of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. However, he alleges that Carrington has not complied with its statutory obligations as a lender. *Id.* at 4. In September 2015, Mr. Middleton recorded a Notice of Release of Mortgage under operation of law. *Id.* Carrington did not respond. *Id.* Middleton seeks a declaratory judgment that the mortgage note related to the

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

2

Property is terminated, released, void, and invalid.  *Id*. at 6.  Additionally, he seeks restitution based on Carrington's non-compliance with statutory requirements.  *Id*. at 6–7.

For the reasons discussed below, the court finds that the complaint fails to allege personal jurisdiction over Carrington, fails to state a claim upon which relief can be granted, and lacks proper venue.

### B.    Jurisdictional Defects

Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction.  *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 577 (1999).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West*, *Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Personal jurisdiction gives a court jurisdiction over the *person or entity* against whom the case is brought.  Personal jurisdiction is based on principles of individual liberty and it represents a restriction on judicial power.  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).  Due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir.1986).  A defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Here, the complaint fails to demonstrate that Carrington is subject to personal jurisdiction in Nevada.  The actions and inaction about which Middleton complains occurred either in California or Virginia.  He states that Carrington conducts business in Santa Ana, California. The complaint alleges no facts to establish that Carrington's conduct and connections with Nevada are such that it would anticipate being sued in Nevada.  Mr. Middleton has not established that this court has personal jurisdiction over Carrington.  Although Mr. Middleton may be able to amend

3

1    his complaint to plead personal jurisdiction over Carrington in Nevada, leave to amend will not be

2    granted because he cannot cure the other defects in his complaint noted in this order.

3    **C.    Venue for Middleton's Claims is Not Proper in the District of Nevada**

4    In addition to a lack of personal jurisdiction, the court finds that venue is not proper in the

5    District of Nevada.  The federal venue statute requires that a civil action be brought in (1) a judicial

6    district in which any defendant resides, if all defendants reside in the same state where the district

7    is located; (2) a judicial district in which a substantial part of the events or omissions giving rise

8    to the claim occurred, or a substantial part of property that is the subject of the action is situated;

9    or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the

10   action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C.

11   § 1391(b).  Pursuant to 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the

12   wrong district.

13   The complaint plainly demonstrates that the District of Nevada is not a proper venue for

14   this lawsuit.  Although the complaint states that Middleton is a Nevada resident, it acknowledges

15   that Carrington is based in Santa Ana, California.  Additionally, the Property is located in Virginia,

16   not within the District of Nevada.  As such, the District of Nevada is not a proper venue for this

17   case even if Mr. Middleton could establish personal jurisdiction, which he has not.

18   **D.    Mr. Middleton's Allegations Fail to State a Colorable Claim Under TILA**

19   Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to

20   state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks

21   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The

22   standard for determining whether a plaintiff has failed to state a claim upon which relief can be

23   granted under § 1915 is the same as the Rule 12(b)(6) standard for failure to state a claim.  *Watison*

24   *v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is essentially a ruling

25   on a question of law.  *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

26   Although detailed factual allegations are not required, Rule 8 demands "more than labels and

27   conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*,

28   556 U.S. 662, 678 (2009).  Mere recitals of the elements of a cause of action supported only by

1  conclusory allegations do not suffice. *Id*. at 679–80. Where the claims in the complaint have not

2  crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550

3  U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to

4  relief, such that it is not unfair to require the opposing party to be subjected to the expense of

5  discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

6         Mr. Middleton lacks standing to bring this lawsuit. To have standing to bring a claim under

7  TILA, a plaintiff must have been deprived of a statutory right to disclosures that existed at the time

8  of the contested transaction. *See Crevier v. Welfare & Pension Fund for Local 701 (In re Crevier)*,

9  820 F.2d 1553, 1555–56 (9th Cir. 1987). Thus, if a plaintiff was not the borrower, he does not

10 have standing to assert a TILA claim. *See* 12 C.F.R. § 226.1 (among other conditions, TILA

11 applies to lenders when "credit is offered or extended to consumers"). The Ninth Circuit has

12 recognized that a plaintiff without standing fails to state a cognizable TILA claim. *In re Crevier*,

13 820 F.2d at 1555. Here, the complaint alleges that "Matthew Ice" is the borrower who executed

14 the loan in December 2008. The complaint does not allege that Carrington extended a credit offer

15 to Mr. Middleton. Because Middleton was not the original borrower, he does not have standing to

16 assert a TILA claim.

17        Even if a successor-in-interest, trustee, or heir did have standing to bring a TILA claim,

18 rescission is unavailable after the property has been sold or transferred. *Takushi v. BAC Home*

19 *Loans Servicing*, *LP*, 814 F. Supp. 2d 1073, 1079–80 (D. Haw. 2011) (citing 15 U.S.C. § 1635(f)

20 ("An obligor's right of rescission shall expire three years after the date of consummation of the

21 transaction or upon the sale of the property, whichever occurs first ...."); 12 C.F.R. § 226.23(a)(3)

22 ("If the required notice or material disclosures are not delivered, *the right to rescind shall expire*

23 *3 years after consummation, upon transfer of all of the consumer's interest in the property, or*

24 *upon sale of the property, whichever occurs first*." (emphasis added)). *See also Meyer v.*

25 *Ameriquest Mortg. Co.*, 342 F.3d 899, 903 (9th Cir. 2003) ("The regulation is clear: the right to

26 rescind ends with the sale.") (citing 12 C.F.R. § 226.23(a)(3)). Mr. Middleton asserts that he

27 assumed Mr. Ice's rights when the Property was transferred to him. Assuming this allegation is

28 true, Mr. Ice's right of rescission expired upon that transfer.

1    Additionally, any TILA claim related to the Property was time barred several years ago.

2  TILA requires that plaintiffs bring damages claims within one year of the date of the loan

3  transaction.  15 U.S.C. § 1640(e).  The complaint states that Mr. Ice executed the mortgage loan

4  in December 2008.  Thus, any damages claim was time barred after December 2009.  Pursuant to

5  15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a)(3), the TILA rescission remedy is available for

6  three years.  Therefore Mr. Ice's right of rescission expired in December 2011.  For these reasons,

7  the court finds that the complaint fails to state a claim upon which relief can be granted.

8    Because as it is clear from the face of the complaint that Mr. Middleton could not cure the

9  deficiencies identified in this Order by amendment, the undersigned recommends that this case be

10  dismissed with prejudice.

11    Accordingly,

12    **IT IS ORDERED:**

13    1.  Plaintiff Ervin Middleton's Application to Proceed *in Forma Pauperis* (ECF No. 1) is

14        GRANTED.  He shall not be required to pay the filing fee of four hundred dollars.

15    2.  Mr. Middleton is permitted to maintain this action to conclusion without the necessity

16        of prepayment of any additional fees or costs or the giving of a security therefor.

17    3.  The Clerk of the Court is instructed to FILE the Complaint (ECF No. 1-2).

18    **IT IS RECOMMENDED** that this action be **DISMISSED with prejudice** and the Clerk

19  of the Court be instructed to enter judgment accordingly.

20    Dated this 23rd day of January, 2017.

21

22                                        _____
                                          PEGGY A. LEEN
23                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28