UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERVIN MIDDLETON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARRINGTON MORTGAGE SERVICES LLC,<br><br>　　　　　Defendant. | Case No. 2:15-cv-01977-APG-PAL<br><br>**ORDER ACCEPTING AND MODIFYING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**(ECF No. 5)** |

　　　　On January 24, 2017, Magistrate Judge Leen issued a report and recommendation that I dismiss plaintiff Ervin Middleton's claims in this case with prejudice. ECF No. 5.  Judge Leen recommended I find this court lacks personal jurisdiction over defendant Carrington Mortgage Services, LLC because there are no allegations Carrington has any contacts with Nevada. *Id.* at 3.  She also recommended I dismiss for lack of venue because Carrington is based in California and the property at issue is located in Virginia. *Id.* at 4.  Judge Leen further recommended I dismiss with prejudice because Middleton lacks standing to assert TILA claims, the right to rescission on which his claims depend has expired, and the statute of limitations bars his claims. *Id.* at 4-6.

　　　　Middleton objects.  First, he contends he did not consent to the Magistrate Judge handling dispositive matters.  However, Judge Leen issued a report and recommendation that is subject to my de novo review. *See* 28 U.S.C. § 636(b).  Thus, Judge Leen did not act outside her authority, and I now conduct that de novo review.

　　　　Second, Middleton argues that Carrington should anticipate being sued in Nevada because it has threatened to foreclose on his property three times. ECF No. 8 at 2.  He also argues that although the property is located in Virginia, he is suing over the mortgage and he is a Nevada resident. *Id.* at 3.

　　　　The complaint alleges that Carrington is based in Santa Ana, California. ECF No. 6 at 2. According to the complaint, Carrington was the lender or the lender's representative in relation to

a mortgage on a property located in Virginia. *Id.* at 3. Middleton alleges he sent Carrington a notice of rescission under TILA to which Carrington did not respond. *Id.* at 4. He thus seeks a declaration that the mortgage is terminated and he seeks monetary relief based on Carrington's alleged violations of law following the purported rescission. *Id.* at 4-7.

These allegations do not support the exercise of either general or specific personal jurisdiction over Carrington in the District of Nevada. To establish general personal jurisdiction outside Carrington's domicile of California, Middleton must demonstrate Carrington has sufficient contacts with Nevada to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006)). *See also Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (the inquiry "is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'")(citation omitted). Neither the complaint nor Middleton's objection provides facts showing Carrington is subject to general personal jurisdiction in Nevada.

As to specific personal jurisdiction, a nonresident defendant's contacts with the forum state may permit the exercise of specific jurisdiction if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). In evaluating whether the defendant has minimum contacts with the state to support exercising personal jurisdiction, I must look to the "contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quotation and emphasis omitted). I also "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the

defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

Here, Middleton has not identified facts showing that Carrington has any contacts with Nevada other than that it is attempting to foreclose on a property in Virginia that happens to be owned by a Nevada resident. Under *Walden*, that is insufficient. Middleton offers no other basis for the court to exercise personal jurisdiction over Carrington.

I therefore accept Judge Leen's recommendation that I dismiss Middleton's complaint for lack of personal jurisdiction over defendant Carrington. However, I cannot dismiss with prejudice because I lack personal jurisdiction over Carrington, and I therefore cannot address the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (stating that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)").

I ordinarily should grant jurisdictional discovery where the parties dispute pertinent facts bearing on the question of jurisdiction or where more facts are needed. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). However, a court may decline to permit further discovery if it is clear that it would not produce evidence of facts supporting jurisdiction. *Id.* Thus, if the plaintiff's claim of personal jurisdiction "appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." *Pebble Beach Co.*, 453 F.3d at 1160. Whether to permit discovery on jurisdictional facts lies within my discretion. *Id.* at 1154.

Middleton has not requested jurisdictional discovery and he has not offered any basis for me to conclude that further jurisdictional discovery would be helpful. I therefore decline to grant it, particularly in a case where, as discussed below, Middleton's claims would fail on the merits as a matter of law.

Finally, whenever a court "finds there is a want of jurisdiction" in a civil action, the court "shall" transfer the action to "any other such court in which the action or appeal could have been

1  brought at the time it was filed or noticed," but only if the transfer is "in the interest of justice."
2  28 U.S.C. § 1631. Additionally, 28 U.S.C. § 1406(a) "authorize[s] the transfer of a case so as to
3  cure the lack of personal jurisdiction in the district where the case was first brought" if the
4  transfer is in the interest of justice. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d
5  1515, 1523 (9th Cir. 1983).

6  Here, a transfer would not be in the interest of justice because Middleton's claims fail on
7  the merits as a matter of law. Even if Middleton had standing to assert a TILA claim as a
8  successor-in-interest on the note, that does not change the fact that the right of rescission under
9  TILA has expired. *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three
10 years after the date of consummation of the transaction or upon the sale of the property,
11 whichever occurs first . . . ."); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material
12 disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon
13 transfer of all of the consumer's interest in the property, or upon sale of the property, whichever
14 occurs first."). Middleton alleges in his complaint that the original borrower, Matthew Ice,
15 bought the property in 2008 and that the property was transferred to Middleton in 2014. ECF No.
16 6 at 3. Consequently, the right to rescind expired in 2011. Both of Middleton's claims rely on
17 rescission. Count one seeks a declaration that the mortgage is terminated because Middleton
18 exercised rescission under TILA. *Id.* at 5. Count two seeks damages based on the lender's non-
19 compliance with the statute following rescission under TILA. *Id.* Because the right to rescission
20 expired, Middleton's claims are barred.

21 Middleton's reliance on the Supreme Court's decision in *Jesinoski v. Countrywide Home*
22 *Loans, Inc.*, 135 S. Ct. 790 (2015) is misplaced. He argues that under *Jesinoski*, a rescission,
23 whether disputed or undisputed, is effective by operation of law once it is mailed and the lender's
24 only options at that point are to either re-convey the property or initiate a lawsuit. However,
25 *Jesinoski* addressed only "whether a borrower exercises [the rescission] right by providing written
26 notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses." 135
27 S. Ct. at 791. The Supreme Court held that "rescission is effected when the borrower notifies the
28

creditor of his intention to rescind" and "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Id.* at 792.

*Jesinoski* reaffirmed that "[e]ven if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Id.* (quoting § 1635(f)). Because Middleton pleaded the original transaction was in 2008 and that the property was transferred in 2014, the right to rescind has expired twice over.

To be clear, I am not making a final ruling on the merits of Middleton's claims because I lack personal jurisdiction over Carrington. I therefore will dismiss Middleton's complaint without prejudice. But I will not transfer a case to another district only for it to be dismissed as barred as a matter of law. If Middleton wants to attempt to pursue his claims (despite their lack of merit) in another district that has personal jurisdiction over Carrington, he is free to do so.

IT IS THEREFORE ORDERED that Magistrate Judge Leen's report and recommendation **(ECF No. 5) is accepted and modified**.

IT IS FURTHER ORDERED that plaintiff Ervin Middleton's complaint **(ECF No. 6) is DISMISSED without prejudice**. The clerk of court is instructed to close this case.

DATED this 1st day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE